IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO. 5:14-CV-490

| | |
|---|---|
| EICES RESEARCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORIGINAL COMPLAINT** |
| v. ) | **FOR PATENT INFRINGEMENT** |
| ) | **[Jury Trial Requested]** |
| SAMSUNG ELECTRONICS CO., LTD., ) | |
| SAMSUNG ELECTRONICS AMERICA, ) | |
| INC., SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, ) | |
| LLC ) | |
| Defendants. ) | |

This is an action for patent infringement in which Plaintiff EICES Research, Inc. makes the following allegations against Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC. (collectively referred to as "Samsung") based on personal knowledge, the investigation of its counsel, and information and belief:

## PARTIES

1. Plaintiff EICES Research, Inc. ("EICES") is a North Carolina corporation with its principal place of business at 101 Chalon Drive, Cary, North Carolina 27511.

2. Upon information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a Korean corporation with its principal place of business at 416, Maetan 3-dong, Yeongtong-gu, Suwon-si, Gyeonggi-do 443-742, South Korea. SEC can be served with process by serving in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, in accordance with FED. R. CIV. P. 4(f).

3. Upon information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. SEA can be served with process by serving CT Corporation System, 150 Fayetteville Street, Suite 1011, Raleigh, North Carolina 27601-2957.

4. Upon information and belief, Defendant Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. STA can be served with process by serving Corporation Service Company DBA CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**JURISDICTION AND VENUE**

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 271 and 281-285. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7. This Court has personal jurisdiction over Samsung. Samsung has conducted and does conduct business within the State of North Carolina. Samsung, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and/or advertises (including through its web pages) its products (including infringing products) and/or services in the United States, the State of North Carolina, and the Eastern District of North Carolina. Samsung, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more infringing products and/or services, as described below, into the stream of commerce with

the expectation that they will be purchased and used by consumers in the Eastern District of North Carolina. These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of North Carolina. Samsung has committed acts of patent infringement within the State of North Carolina and, more particularly, within the Eastern District of North Carolina.

**THE ASSERTED PATENTS**

8. This lawsuit asserts causes of action for infringement of United States Patent Nos. 7,881,393; 8,199,837; 8,576,940; and 8,660,169 (collectively, the "Asserted Patents").

9. On February 1, 2011, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,881,393 ("the '393 Patent") entitled, "WAVEFORMS COMPRISING A PLURALITY OF ELEMENTS AND TRANSMISSION THEREOF," to Peter D. Karabinis. EICES is the owner by assignment of the '393 Patent and holds all right, title and interest to the '393 Patent. A true and correct copy of the '393 Patent is attached as Exhibit A.

10. On June 12, 2012, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,199,837 ("the '837 Patent") entitled, "SYSTEMS/METHODS OF SEQUENTIAL MODULATION OF A SINGLE CARRIER FREQUENCY BY A PLURALITY OF ELEMENTS OF A WAVEFORM," to Peter D. Karabinis. EICES is the owner by assignment of the '837 Patent and holds all right, title and interest to the '837 Patent. A true and correct copy of the '837 Patent is attached as Exhibit B.

11. On November 5, 2013, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,576,940 ("the '940 Patent") entitled, "SYSTEMS/METHODS OF ADAPTIVELY VARYING A BANDWIDTH AND/OR FREQUENCY CONTENT OF COMMUNICATIONS" to Peter D. Karabinis. EICES is the owner by assignment of the '940

Patent and holds all right, title and interest to the '940 Patent. A true and correct copy of the '940 Patent is attached as Exhibit C.

12. On February 25, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,660,169 ("the '169 Patent") entitled, "SYSTEMS/METHODS OF ADAPTIVELY VARYING A BANDWIDTH AND/OR FREQUENCY CONTENT OF COMMUNICATIONS" to Peter D. Karabinis. EICES is the owner by assignment of the '169 Patent and holds all right, title and interest to the '169 Patent. A true and correct copy of the '169 Patent is attached as Exhibit D.

13. The Asserted Patents are valid and enforceable.

## BACKGROUND

### DR. KARABINIS' INVENTIONS

14. The inventions disclosed and claimed in the Asserted Patents were invented and patented by Dr. Peter D. Karabinis.

15. Dr. Karabinis holds a Ph.D. in electrical engineering and has worked in the field of wireless communications for thirty-five years for some of the largest companies in telecommunications, including Bell Telephone Laboratories, Raytheon Company, and Ericsson Inc.

16. Dr. Karabinis' innovative work in the wireless communications field has resulted in over 155 patents to date, including the Asserted Patents.

17. Dr. Karabinis formed EICES (Engineering Innovators Consultants Educators and Scientists) to develop innovations for the improvement of wireless communications. Dr. Karabinis is the Founder and Chief Technology Officer of EICES.

18. Dr. Karabinis and his family have resided in Cary, North Carolina for over twenty years.

### 3GPP LTE STANDARD

19. Long-Term Evolution ("LTE") is a wireless communication standard developed by the 3rd Generation Partnership Project ("3GPP") for high-speed data for mobile phones and data terminals (hereinafter referred to as the "3GPP LTE Standard"). It betters previous generations of the standard (GSM/UMTS) by increasing the capacity and speed of wireless data networks using new digital signaling processing techniques and modulations.

20. There are currently several releases of specifications for the 3GPP LTE Standard, including Release 8, Release 9, Release 10, and Release 11. Release 10 and beyond have been referred to as "LTE-Advanced."

21. Devices that support the 3GPP LTE Standard are commonly marketed as supporting 4G LTE connectivity.

22. LTE, including LTE-Advanced, with its capacity for high speed data, is becoming the basis for all future mobile systems.

23. Dr. Karabinis' inventions described in the Asserted Patents are implemented in the 3GPP LTE Standard. Among other benefits, the inventions disclosed and claimed in the Asserted Patents increase network capacity, data rates, and spectrum flexibility.

### GENERAL ALLEGATIONS

24. Samsung has directly and indirectly infringed and continues to directly and indirectly infringe the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271(a) and (b), including, but not necessarily limited to, one or more of making, using, selling and offering to sell, in this District and elsewhere in the United States, and

importing into this District and elsewhere in the United States, certain mobile communication devices that support 4G LTE connectivity ("Samsung LTE Communication Devices").

25.     On information and belief, Samsung's Ativ Odyssey, Ativ S Neo, Ativ SE, Ativ smart PC 4G LTE 700TC, Galaxy Ace 3 LTE, Galaxy Ace 4 LTE, Galaxy Axiom R830, Galaxy Camera GC100, Galaxy Core LTE, Galaxy Core Lite LTE, Galaxy Exhilarate, Galaxy Express I437, Galaxy Express I8730, Galaxy Express 2, Galaxy J, Galaxy K zoom LTE, Galaxy Light, Galaxy Mega 6.3 I9205, Galaxy Nexus i515, Galaxy Nexus LTE L700, Galaxy Note I717, Galaxy Note II GT-N7105, Galaxy Note 3, Galaxy Note 3 Neo LTE+, Galaxy Note 8.0 LTE GT-N5120, Galaxy Note 10.1 LTE, Galaxy Note 10.1 (2014 Edition), Galaxy Note Pro 12.2 LTE, Galaxy Premier I9260, Galaxy Rugby Pro I547, Galaxy S II HD LTE, Galaxy S II LTE I9210, Galaxy S II Skyrocket HD I757, Galaxy S II Skyrocket i727, Galaxy S III CDMA, Galaxy S III I747, Galaxy S III LTE/I9305, Galaxy S4, Galaxy S4 I9505G, Galaxy S4 Active I9295, Galaxy S4 Active SGH-i537, Galaxy S4 CDMA I545, Galaxy S4 mini I9195, Galaxy S4 Zoom, Galaxy S5, Galaxy S5 Active, Galaxy S5 LTE-A, Galaxy S5 Sport, Galaxy S Lightray 4G, Galaxy Stellar 4G, Galaxy Stratosphere II I415, Galaxy Tab 2 7.0 LTE I705, Galaxy Tab 3 7.0, Galaxy Tab 3 8.0 LTE, Galaxy Tab 3 10.1, Galaxy Tab 4 7.0 LTE, Galaxy Tab 4 8.0 LTE, Galaxy Tab 4 10.1 LTE, Galaxy Tab 7.7 LTE I815, Galaxy Tab 8.9 4G P7320T, Galaxy Tab Pro 8.4 LTE, Galaxy Tab Pro 10.1 LTE, Galaxy Tab Pro 12.2 LTE, Galaxy Tab S 8.4 LTE, Galaxy Tab S 10.5 LTE, Galaxy Victory 4G LTE L300, W and Z support 4G LTE connectivity.

26.     On information and belief, Samsung LTE Communication Devices include Samsung's Ativ Odyssey, Ativ S Neo, Ativ SE, Ativ smart PC 4G LTE 700TC, Galaxy Ace 3 LTE, Galaxy Ace 4 LTE, Galaxy Axiom R830, Galaxy Camera GC100, Galaxy Core LTE, Galaxy Core Lite LTE, Galaxy Exhilarate, Galaxy Express I437, Galaxy Express I8730, Galaxy

Express 2, Galaxy J, Galaxy K zoom LTE, Galaxy Light, Galaxy Mega 6.3 I9205, Galaxy Nexus i515, Galaxy Nexus LTE L700, Galaxy Note I717, Galaxy Note II GT-N7105, Galaxy Note 3, Galaxy Note 3 Neo LTE+, Galaxy Note 8.0 LTE GT-N5120, Galaxy Note 10.1 LTE, Galaxy Note 10.1 (2014 Edition), Galaxy Note Pro 12.2 LTE, Galaxy Premier I9260, Galaxy Rugby Pro I547, Galaxy S II HD LTE, Galaxy S II LTE I9210, Galaxy S II Skyrocket HD I757, Galaxy S II Skyrocket i727, Galaxy S III CDMA, Galaxy S III I747, Galaxy S III LTE/I9305, Galaxy S4, Galaxy S4 I9505G, Galaxy S4 Active I9295, Galaxy S4 Active SGH-i537, Galaxy S4 CDMA I545, Galaxy S4 mini I9195, Galaxy S4 Zoom, Galaxy S5, Galaxy S5 Active, Galaxy S5 LTE-A, Galaxy S5 Sport, Galaxy S Lightray 4G, Galaxy Stellar 4G, Galaxy Stratosphere II I415, Galaxy Tab 2 7.0 LTE I705, Galaxy Tab 3 7.0, Galaxy Tab 3 8.0 LTE, Galaxy Tab 3 10.1, Galaxy Tab 4 7.0 LTE, Galaxy Tab 4 8.0 LTE, Galaxy Tab 4 10.1 LTE, Galaxy Tab 7.7 LTE I815, Galaxy Tab 8.9 4G P7320T, Galaxy Tab Pro 8.4 LTE, Galaxy Tab Pro 10.1 LTE, Galaxy Tab Pro 12.2 LTE, Galaxy Tab S 8.4 LTE, Galaxy Tab S 10.5 LTE, Galaxy Victory 4G LTE L300, W and Z.

27. On information and belief, Samsung LTE Communication Devices support at least Release 8, *et seq.* of the 3GPP LTE Standard.

28. Samsung is doing business in the United States and, more particularly, in the Eastern District of North Carolina, by making, using, selling, importing, and/or offering for sale Samsung LTE Communication Devices.

29. EICES has been damaged as a result of Samsung's infringing conduct. Samsung is therefore liable to EICES in an amount that adequately compensates EICES for Samsung's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I

### SAMSUNG INFRINGES THE '393 PATENT

30. EICES repeats and realleges the allegations in paragraphs 1-29 as though fully set forth herein.

31. Samsung has directly infringed and continues to directly infringe the '393 Patent by making, using, testing, selling, offering for sale, or importing into the United States products and/or methods covered by one or more claims of the '393 Patent. Samsung products that infringe one or more claims of the '393 Patent include, but are not limited to, Samsung LTE Communication Devices.

32. Samsung has induced and continues to induce infringement of the '393 Patent by intending that others use, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '393 Patent, including, but not limited to, Samsung LTE Communication Devices. Samsung provides these products to others, such as customers, resellers and end-use consumers who, in turn, use, offer for sale, or sell in the United States these Samsung LTE Communication Devices that infringe one or more claims of the '393 Patent.

33. Samsung indirectly infringes the '393 Patent by inducing infringement by others, such as resellers, customers and end-use consumers, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is a result of the activities performed by the resellers, customers and end-use consumers of the Samsung LTE Communication Devices.

34. Samsung received notice of the '393 Patent at least as of the date this lawsuit was filed.

35. Samsung's affirmative acts of selling the Samsung LTE Communication Devices, causing the Samsung LTE Communication Devices to be manufactured and distributed, and

8

providing instructions for using Samsung LTE Communication Devices, induce Samsung's resellers, customers and end-use consumers to use Samsung LTE Communication Devices in their normal and customary way to infringe one or more claims of the '393 Patent. Samsung performs the acts that constitute induced infringement, and induce actual infringement, with the knowledge of the '393 Patent and with the knowledge or willful blindness that the induced acts constitute infringement.

36. Samsung specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '393 Patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as limitation, Samsung induces such infringement by its affirmative action by, among other things: (a) providing advertising on the benefits of using the Samsung LTE Communication Devices with LTE networks; (b) providing information regarding which carriers support LTE networks; (c) providing instruction on how to use the 4G LTE connectivity in Samsung's LTE Communication Devices; and (d) providing hardware and software components required by the claims of the '393 Patent.[1]

37. Accordingly, a reasonable inference is that Samsung specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '393 Patent in the United States because Samsung has knowledge of the '393 Patent at least as of the date this lawsuit was filed and Samsung actually induces others, such as

---

[1] *See, e.g.*, http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte;
http://www.samsung.com/hk_en/consumer/mobile/mobile-phones/lte-products/;
http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte/volte; http://www.samsung.com/us/mobile/cell-phones/all-products.

9

resellers, customers and end-use consumers, to directly infringe the '393 Patent by using, selling, and/or distributing, within the United States, Samsung LTE Communication Devices.

38. As a result of Samsung's acts of infringement, EICES has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II

### SAMSUNG INFRINGES THE '837 PATENT

39. EICES repeats and realleges the allegations in paragraphs 1-38 as though fully set forth herein.

40. Samsung has directly infringed and continues to directly infringe the '837 Patent by making, using, testing, selling, offering for sale, or importing into the United States products and/or methods covered by one or more claims of the '837 Patent. Samsung products that infringe one or more claims of the '837 Patent include, but are not limited to, Samsung LTE Communication Devices.

41. Samsung has induced and continues to induce infringement of the '837 Patent by intending that others use, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '837 Patent, including, but not limited to, Samsung LTE Communication Devices. Samsung provides these products to others, such as customers, resellers and end-use consumers who, in turn, use, offer for sale, or sell in the United States these Samsung LTE Communication Devices that infringe one or more claims of the '837 Patent.

42. Samsung indirectly infringes the '837 Patent by inducing infringement by others, such as resellers, customers and end-use consumers, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is a result of the activities

10

performed by the resellers, customers and end-use consumers of the Samsung LTE Communication Devices.

43. Samsung received notice of the '837 Patent at least as of the date this lawsuit was filed.

44. Samsung's affirmative acts of selling the Samsung LTE Communication Devices, causing the Samsung LTE Communication Devices to be manufactured and distributed, and providing instructions for using Samsung LTE Communication Devices, induce Samsung's resellers, customers and end-use consumers to use Samsung LTE Communication Devices in their normal and customary way to infringe one or more claims of the '837 Patent. Samsung performs the acts that constitute induced infringement, and induce actual infringement, with the knowledge of the '837 Patent and with the knowledge or willful blindness that the induced acts constitute infringement.

45. Samsung specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '837 Patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as limitation, Samsung induces such infringement by its affirmative action by, among other things: (a) providing advertising on the benefits of using the Samsung LTE Communication Devices with LTE networks; (b) providing information regarding which carriers support LTE networks; (c) providing instruction on how to use the 4G LTE connectivity in Samsung's LTE Communication Devices; and (d) providing hardware and software components required by the claims of the '837 Patent.[2]

---

[2] *See, e.g.*, http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte; http://www.samsung.com/hk_en/consumer/mobile/mobile-phones/lte-products/;

46. Accordingly, a reasonable inference is that Samsung specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '837 Patent in the United States because Samsung has knowledge of the '837 Patent at least as of the date this lawsuit was filed and Samsung actually induces others, such as resellers, customers and end-use consumers, to directly infringe the '837 Patent by using, selling, and/or distributing, within the United States, Samsung LTE Communication Devices.

47. As a result of Samsung's acts of infringement, EICES has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT III

### SAMSUNG INFRINGES THE '940 PATENT

48. EICES repeats and realleges the allegations in paragraphs 1-47 as though fully set forth herein.

49. Samsung has directly infringed and continues to directly infringe the '940 Patent by making, using, testing, selling, offering for sale, or importing into the United States products and/or methods covered by one or more claims of the '940 Patent. Samsung products that infringe one or more claims of the '940 Patent include, but are not limited to, Samsung LTE Communication Devices.

50. Samsung has induced and continues to induce infringement of the '940 Patent by intending that others use, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '940 Patent, including, but not limited to, Samsung LTE Communication Devices. Samsung provides these products to others, such as customers,

---

http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte/volte; http://www.samsung.com/us/mobile/cell-phones/all-products.

resellers and end-use consumers who, in turn, use, offer for sale, or sell in the United States these Samsung LTE Communication Devices that infringe one or more claims of the '940 Patent.

51. Samsung indirectly infringes the '940 Patent by inducing infringement by others, such as resellers, customers and end-use consumers, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is a result of the activities performed by the resellers, customers and end-use consumers of the Samsung LTE Communication Devices.

52. Samsung received notice of the '940 Patent at least as of the date this lawsuit was filed.

53. Samsung's affirmative acts of selling the Samsung LTE Communication Devices, causing the Samsung LTE Communication Devices to be manufactured and distributed, and providing instructions for using Samsung LTE Communication Devices, induce Samsung's resellers, customers and end-use consumers to use Samsung LTE Communication Devices in their normal and customary way to infringe one or more claims of the '940 Patent. Samsung performs the acts that constitute induced infringement, and induce actual infringement, with the knowledge of the '940 Patent and with the knowledge or willful blindness that the induced acts constitute infringement.

54. Samsung specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '940 Patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as limitation, Samsung induces such infringement by its affirmative action by, among other things: (a) providing advertising on the benefits of using the Samsung LTE Communication Devices with LTE networks; (b) providing information regarding which carriers

support LTE networks; (c) providing instruction on how to use the 4G LTE connectivity in Samsung's LTE Communication Devices; and (d) providing hardware and software components required by the claims of the '940 Patent.[3]

55. Accordingly, a reasonable inference is that Samsung specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '940 Patent in the United States because Samsung has knowledge of the '940 Patent at least as of the date this lawsuit was filed and Samsung actually induces others, such as resellers, customers and end-use consumers, to directly infringe the '940 Patent by using, selling, and/or distributing, within the United States, Samsung LTE Communication Devices.

56. As a result of Samsung's acts of infringement, EICES has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT IV

### SAMSUNG INFRINGES THE '169 PATENT

57. EICES repeats and realleges the allegations in paragraphs 1-56 as though fully set forth herein.

58. Samsung has directly infringed and continues to directly infringe the '169 Patent by making, using, testing, selling, offering for sale, or importing into the United States products and/or methods covered by one or more claims of the '169 Patent. Samsung products that infringe one or more claims of the '169 Patent include, but are not limited to, Samsung LTE Communication Devices.

---

[3] *See, e.g.*, http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte; http://www.samsung.com/hk_en/consumer/mobile/mobile-phones/lte-products/; http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte/volte; http://www.samsung.com/us/mobile/cell-phones/all-products.

59. Samsung has induced and continues to induce infringement of the '169 Patent by intending that others use, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '169 Patent, including, but not limited to, Samsung LTE Communication Devices. Samsung provides these products to others, such as customers, resellers and end-use consumers who, in turn, use, offer for sale, or sell in the United States these Samsung LTE Communication Devices that infringe one or more claims of the '169 Patent.

60. Samsung indirectly infringes the '169 Patent by inducing infringement by others, such as resellers, customers and end-use consumers, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is a result of the activities performed by the resellers, customers and end-use consumers of the Samsung LTE Communication Devices.

61. Samsung received notice of the '169 Patent at least as of the date this lawsuit was filed.

62. Samsung's affirmative acts of selling the Samsung LTE Communication Devices, causing the Samsung LTE Communication Devices to be manufactured and distributed, and providing instructions for using Samsung LTE Communication Devices, induce Samsung's resellers, customers and end-use consumers to use Samsung LTE Communication Devices in their normal and customary way to infringe one or more claims of the '169 Patent. Samsung performs the acts that constitute induced infringement, and induce actual infringement, with the knowledge of the '169 Patent and with the knowledge or willful blindness that the induced acts constitute infringement.

63. Samsung specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '169 Patent, or, alternatively, has been

willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as limitation, Samsung induces such infringement by its affirmative action by, among other things: (a) providing advertising on the benefits of using the Samsung LTE Communication Devices with LTE networks; (b) providing information regarding which carriers support LTE networks; (c) providing instruction on how to use the 4G LTE connectivity in Samsung's LTE Communication Devices; and (d) providing hardware and software components required by the claims of the '169 Patent.[4]

64. Accordingly, a reasonable inference is that Samsung specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '169 Patent in the United States because Samsung has knowledge of the '169 Patent at least as of the date this lawsuit was filed and Samsung actually induces others, such as resellers, customers and end-use consumers, to directly infringe the '169 Patent by using, selling, and/or distributing, within the United States, Samsung LTE Communication Devices.

65. As a result of Samsung's acts of infringement, EICES has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, EICES respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. a judgment that Samsung directly and/or indirectly infringes one or more claims of each of the Asserted Patents;

---

[4] *See, e.g.*, http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte; http://www.samsung.com/hk_en/consumer/mobile/mobile-phones/lte-products/; http://www.samsung.com/global/business/telecommunication-systems/telecommunication-systems/lte/volte; http://www.samsung.com/us/mobile/cell-phones/all-products.

16

Case 5:14-cv-00490-D   Document 1   Filed 08/29/14   Page 16 of 19

B. award EICES damages in an amount adequate to compensate EICES for Samsung's infringing products' infringement of the claims of the Asserted Patents, but in no event less than a reasonable royalty, and supplemental damages for any continuing post-verdict infringement until entry of the final judgment with an accounting as needed, under 35 U.S.C. § 284;

C. award EICES pre-judgment interest and post-judgment interest on the damages awarded, including pre-judgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the Asserted Patents by Samsung to the day a damages judgment is entered, and an award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

D. a judgment and order finding this to be an exceptional case and requiring Samsung to pay the costs of this action (including all disbursements) and attorneys' fees, pursuant to 35 U.S.C. § 285;

E. order an accounting for damages;

F. award a compulsory future royalty for the Asserted Patents; and

G. award such further relief as the Courts deems just and proper.

**DEMAND FOR JURY TRIAL**

EICES hereby demands a jury trial for all issues so triable.

This is the 29th day of August, 2014.

>
> */s/ John B. Campbell*
> John B. Campbell
> Lead Attorney
> Texas State Bar No. 24036314
> jcampbell@McKoolSmith.com
> Kevin L. Burgess
> Texas State Bar No. 24006927
> kburgess@McKoolSmith.com
> Lindsay Martin Leavitt
> Texas State Bar No. 24049544
> lleavitt@McKoolSmith.com
> **MCKOOL SMITH, P.C.**
> 300 W. 6th Street Suite 1700
> Austin, TX 78701
> Telephone: (512) 692-8700
> Telecopier: (512) 692-8744
>
> Richard A. Kamprath
> Texas State Bar No. 24078767
> rkamprath@McKoolSmith.com
> **MCKOOL SMITH, P.C.**
> 300 Crescent Court, Suite 1500
> Dallas, TX 75201
> Telephone: (214) 978-4000
> Telecopier: (214) 978-4044
> *Attorneys for Plaintiff EICES Research, Inc.*

*/s/ Gary J. Rickner*
Gary J. Rickner
N.C. State Bar I.D. No.:  025129
email:  gjr@wardandsmith.com
E. Bradley Evans
N.C. State Bar I.D. No.:  028515
email:  ebe@wardandsmith.com
Caroline B. McLean
N.C. State Bar I.D. No.:  041094
email:  cbmclean@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC  27636-3009
Telephone:  919.277.9100
Facsimile:  919.277.9177
*L.R. 83.1 Counsel for Plaintiff EICES Research, Inc.*